### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

ROOSEVELT GRIFFIN, SR.
ADC # 92876                                                             PLAINTIFF


V.                                    5:07CV00240 JLH/JFF


LARRY NORRIS, Director, Arkansas Department of
Correction; GREG HARMON, Warden, East Arkansas Regional
Unit, Arkansas Department of Correction; MS. LIEBLONG,
Classification Officer, East Arkansas Regional Unit, Arkansas
Department of Correction; and DOE, Infirmary Supervisor,
East Arkansas Regional Unit, Arkansas Department of Correction            DEFENDANTS


### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Court

Chief Judge J. Leon Holmes.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the evidence

that supports your objection.  An original and one copy of your objections must be received in the

office of the United States District Court Clerk no later than eleven (11) days from the date of the

findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Pending before the Court are Defendants' Motion for Summary Judgment (docket entry #9) and an Amended Motion to Dismiss (docket entry #20). Plaintiff has submitted his Responses (docket entries ## 13, 15, 18 and 24), and the matter is now ripe for disposition.

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was improperly assigned to work on the hoe squad at the East Arkansas Regional Unit of the Arkansas Department of Correction, despite having been given an M-3 medical restriction classification. Defendants seek summary judgment, asserting that plaintiff failed to exhaust the prison administrative grievance system and fails to state a claim. Because the undisputed evidence supports the defendants's motion,

the undersigned recommends that this case be dismissed without prejudice.

## I.  Standard of Review

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir.2000); Fed.R.Civ.P. 56(c). If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th Cir.1995).

"Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)(internal quotation marks and citations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, if the evidence is so deficient that no reasonable juror could find in favor of the non-moving party, then summary judgment is appropriate. *See Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir.1990).

## II.  Analysis

A.  **Factual Background**

The Defendants in this case are Larry Norris, director of the Arkansas Department of Correction; and East Arkansas Regional Unit Warden Greg Harmon, Classification Officer Lieblong, and an unknown infirmary supervisor named only as a Doe Defendant.[1]  Plaintiff was assigned to the hoe squad upon his arrival at the East Arkansas Regional Unit on September 12, 2006. He refused to go to work, telling the prison officials that he had been medically classified at the Diagnostic Unit as M-3 for an unspecified condition.  At that time, Plaintiff wrote an "informal resolution," the first step in the Arkansas Department of Correction grievance process, and submitted it to the classification officer, but it was denied.  There is no disagreement that this grievance was not appealed or further pursued. Plaintiff was disciplined for refusing to work, and he challenges this as a violation of his rights to due process, but he apparently did eventually agree to go to work on the hoe squad to get out of punitive isolation.  Plaintiff was promoted in classification status to a kitchen duty assignment on November 15, 2006.

On July 18, 2007, Plaintiff was transferred to the North Central Unit, where he learned that he had indeed been classified as M-3 since his first arrival at the Arkansas Department of Correction. Upon confirming that he should not have been assigned to the hoe squad, Plaintiff filed another grievance, at the North Central Unit, about his job assignment at the East Arkansas Regional Unit in the fall of 2006.  This grievance was denied as untimely, as being far outside the time frames

---

[1]  Plaintiff's Response (docket entry #13) to the Defendants' Amended Motion to Dismiss lists Grievance Officer Tiffanye Compton and the Arkansas Department of Correction as Defendants, but they have not been named in previous pleadings and Plaintiff has not been granted leave to amend his complaint to add these parties.  In any event, given the analysis recommendation that follows, the issue whether they are parties or not is moot, as any claims against these Defendants would also be unexhausted.

4

established by the Arkansas Department of Correction Grievance Procedure Policy.  Plaintiff

appealed that denial on September 6, 2007, and it was not processed until October 18, 2007, when

it was returned as incomplete by grievance officer Tiffanye Compton, along with instructions on

how to perfect his appeal and what documents to include.  By that time, however, Plaintiff had

already filed the instant cause of action on September 17, 2007 (docket entry #2).  Plaintiff did

ultimately submit all the necessary documents with his grievance appeal on January 2, 2008, but it

was denied as untimely at that late date.

Defendants have moved for summary judgment on the grounds that Plaintiff has failed to

exhaust his administrative remedies in a timely fashion; has failed to state a claim because, at best,

he alleges only negligence, not any intentional act that caused a physical injury; and has not alleged

any "atypical and significant hardship" based on his ten days on disciplinary court review status in

punitive isolation.  The Motions are accompanied by an Affidavit executed by grievance supervisor

Tiffanye Compton asserting that no documentation exists showing that Plaintiff has fully grieved

the issues set forth in this lawsuit.  Plaintiff has responded by providing copies of several grievance

forms he submitted.  However, none of these show that Plaintiff fully exhausted his administrative

remedies *prior to the filing of this cause of action*; therefore, his claims should be dismissed.

### B.  Legal Background

The PLRA requires a prisoner to exhaust administrative remedies before filing suit: "No

action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress's goal in

enacting this statute was "to reduce the quantity and improve the quality of prisoner suits; to this

purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Administrative remedies could eliminate the need for further litigation, weed out frivolous claims, or, at the least, create an administrative record for use in court. Id. at 525. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id*. at 524 *(citing Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). "[A]n inmate must exhaust administrative remedies before filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003).

Section 1997e(a)'s requirement of exhaustion of administrative remedies is mandatory and applies to all inmate suits about prison life. *Porter*, 534 U.S. at 524, 532. Administrative remedies must be exhausted before the suit is filed, and in the case where they are not, dismissal is mandatory. *Johnson*, 340 F.3d at 627. There is no exception for claims alleging violations of constitutional rights – indeed, almost all § 1983 claims allege such violations.  The Supreme Court recently held that exhaustion under the PLRA is defined by the prison's grievance procedures, not by the text of the PLRA itself. *Jones v. Bock*, 127 S.Ct. 910, 922 (2007).

To fully exhaust administrative remedies pursuant to the Arkansas Department of Correction Grievance Procedure Policy, an inmate must: (1) file an Informal Resolution Form within fifteen days after the occurrence of an incident in which they believe they have been wronged; (2) file a formal grievance within three days if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the warden; and (4) appeal the warden's decision to the Arkansas Department of Correction Deputy/Assistant Director.  *See* Defendants' Exhibit D, Arkansas

Department of Correction Adm. Dir. 04-01 § IV (E)-(G)(March 1, 2004).

**C.  Analysis**

According to Plaintiff, he wrote an Informal Resolution Form about his hoe squad assignment at the time of his allegedly improper work assignment and it was denied.  He has not alleged nor provided any evidence that he appealed that decision or took any action to pursue that grievance.  Plaintiff did not again raise this issue until August 3, 2007, almost a year later, when he was transferred to another unit and confirmed that his work assignment had been incorrectly classified at the East Arkansas Regional Unit.  Then, he proceeded to file the instant lawsuit before the appeals from that untimely grievance had been fully exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the U.S. Supreme Court explained that the rationale for the exhaustion requirement is to allow prison officials the time and opportunity to review and address (and hopefully rectify) complaints internally before the prisoner is forced to initiate a § 1983 claim.  In this case, most (if not all) of the named Defendants never had the knowledge or opportunity to review the situation or correct Plaintiff's work assignment, if it was indeed incompatible with his medical restrictions, and eliminate the need for this lawsuit.  For all these reasons, Plaintiff's cause of action is subject to dismissal for failure to exhaust administrative remedies.

### III.  Conclusion

Accordingly,

IT IS, THEREFORE, RECOMMENDED  that:

1) Defendants' Motions for Summary Judgment (docket entries #9 and #20) be GRANTED;

2) This cause of action be DISMISSED WITHOUT PREJUDICE; and

3) All other pending Motions be DENIED AS MOOT.

DATED this 10th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE